UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SEXTON,<br><br>                Plaintiff,<br>v.<br><br>MITRATECH, INC.,<br><br>                Defendant. | Case No.: 23-CV-00375-W-BGS<br><br>**ORDER GRANTING IN PART THIRD JOINT MOTION TO AMEND**<br><br>**[ECF 24]** |

On February 7, 2024, the parties filed a third joint motion to extend fact discovery, seeking to extend the current February 12, 2024, fact discovery deadline to a date 30 days beyond the district court's disposition of the pending motion of Plaintiff's counsel to withdraw as counsel of record for Plaintiff. (ECF 19, 24.) According to the parties, counsel for Plaintiff is unable to represent Plaintiff at the February 9, 2024, deposition of Plaintiff. (ECF 24 at 4.) The parties seek the extension due to the impending February 12, 2024, fact discovery deadline. (ECF 24 at 4.) The motion is **GRANTED IN PART**.

A schedule may be modified only for good cause and with a judge's consent. Fed. R. Civ. P. 16. The inquiry under the good cause standard in Federal Rule of Civil Procedure 16 primarily focuses on the diligence of the party seeking the amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the

party seeking the extension.'" *Id.* (quoting Advisory Committee Notes to Federal Rule of Civil Procedure 16 (1983 amendment) and collecting cases); *see* Judge Skomal's Chambers Rules, Section III(C) ("The dates and times set in the Scheduling Order will not be modified except for good cause shown." Fed. R. Civ. P. 16(b)(4). Counsel are reminded of their duty of diligence and that they must 'take all steps necessary to bring an action to readiness for trial.' CivLR 16.1(b).").

The Court first extended fact discovery in this case 60 days, to December 29, 2023. (ECF 15.) The Court then extended it an additional 45 days, to February 12, 2024, but solely for the purpose of deposing the four witnesses identified in the parties' motion—John Sexton, Casey Hensley, Kusum Paul, and Corey Greta. (ECF 22 at 1.) Given that the motion to withdraw of Plaintiff's counsel remains pending, that the parties have indicated that Plaintiff's counsel is unable to represent Plaintiff during his deposition, and that the 45-day extension of the fact discovery deadline for the purpose of completing the four identified depositions is about to expire, the Court finds good cause to extend the fact discovery deadline to a date 30 days beyond the date of the disposition of the pending motion to withdraw. The extension applies only to completing the depositions identified in the parties' prior motion, and indicated in this Court's prior order, to the extent that they have not already been completed. All other scheduling order deadlines remain in effect.

**IT IS SO ORDERED.**

Dated: February 8, 2024

Hon. Bernard G. Skomal
United States Magistrate Judge