UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SEXTON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MITRATECH, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 23-CV-375-W-BGS<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF [DOC. 19]** |

On December 12, 2023, Gruenberg Law filed an ex parte application [Doc. 19] to withdraw as attorney of record for Plaintiff John Sexton. On December 23, 2023, this Court issued a briefing schedule on the application. (*See Order* [Doc. 20].) The Order set January 12, 2024, as the deadline for Plaintiff to file an opposition, and January 19, 2024, for Gruenberg Law's reply. (*Id.* at 2:17–18.) The Order also required Gruenberg Law to file a declaration stating whether Plaintiff intends to oppose the application, identifying the steps taken to ensure Plaintiff will not be prejudiced and confirming Plaintiff received a copy of Order and application. (*Id.* at 2:11–16.)

1

On December 29, 2023, Josh D. Gruenberg filed a second declaration complying with the Order. (*See Gruenberg's Second Decl.* [Doc. 23].) To date, Plaintiff has not filed an opposition or a request for additional time to oppose the application.

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); Civ.L.R. 83.3.f.3. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court. . . ." *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the motion are "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *CE Resource, Inc. v. Magellan Group, LLC*, No. 2:09-cv-2999-MCE-KJM, 2009 WL 3367489 at *2, 2009 U.S. Dist. LEXIS 100776 at *4–5 (E.D. Cal. Oct. 14, 2009) (citing *Canandaigua Wine Co., Inc. v. Moldauer*, No. 1:02-cv-6599, 2009 WL 89141 at *1, 2009 U.S. Dist. LEXIS 43238 at *1 (E.D. Cal. Jan. 13, 2009)). Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

Here, Gruenberg Law seeks to withdraw under Rule 1.16(b)(5), which provides that an attorney may withdraw if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable* warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation[.]" (*Ex Parte App.* at 4:24–5:1.) In support of its withdrawal, Gruenberg Law states that Plaintiff has breached his legal services contract with the firm. (*Gruenberg Decl.* [Doc. 19-1] ¶¶ 2, 3.) Gruenberg Law also contends that Plaintiff has engaged in "other conduct [that] has rendered it unreasonably difficult… to carry out the representation effectively. In essence, there has been a complete breakdown of the attorney-client relationship." (*Id.* ¶ 3.)

Plaintiff has not opposed the ex parte application, and therefore does not dispute that he has breached the legal services contract or that there has been a complete breakdown of the attorney-client relationship.  Additionally, Gruenberg represents that it has served Plaintiff with the ex parte application, this Court's Order and that Plaintiff acknowledged receipt of those documents.  (*Gruenberg Second Decl.* ¶¶ 2, 5.)

With regard to any prejudice to Plaintiff, Gruenberg Law has provided Plaintiff with notice of upcoming deadlines and has worked with Defendant's attorneys to continue discovery deadlines.  (*Gruenberg Second Decl.* ¶ 3.)  Although Gruenberg Law did not specifically address the other factors considered in evaluating a motion to withdraw, there is no dispute Defendant was served with the application (*Gruenber Decl.* ¶ 7) and Order and has not filed an opposition.  Additionally, in the Third Joint Motion to Amend the Scheduling Order filed on February 7, 2024, it appears the parties have concluded all discovery except for Plaintiff's deposition.  (*See Jt. Mot.* [Doc. 24] ¶¶ 2, 5, 6, 10–13.)  For these reasons, the Court finds there is nothing in the record suggesting that Gruenberg Law's withdrawal will prejudice the other litigants in this matter, will harm the administration of justice or unduly delay the resolution of this case.

For all the reasons set forth above, the Court **GRANTS** Gruenberg Law's application to withdraw as attorney of record for Plaintiff John Sexton [Doc. 19] and **ORDERS** as follows:

- Gruenberg Law shall serve a copy of this order on Plaintiff John Sexton and Defendants and shall file the proof of service.
- On or before **February 15, 2024**, Plaintiff John Sexton shall file a notice with this Court listing the mailing address for service of process.

**IT IS SO ORDERED.**

Dated:  February 8, 2024

Hon. Thomas J. Whelan
United States District Judge

3