**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SEXTON,<br><br>                              Plaintiffs,<br><br>v.<br><br>MITRATECH, INC.,<br><br>                              Defendant. | Case No.:  23-cv-375 W (DTF)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE [DOC. 29]** |

Pending before the Court is Defendant Mitratech, Inc.'s motion to dismiss for failure to prosecute.  Plaintiff John Sexton opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons set forth below, the Court will **DENY** the motion to dismiss [Doc. 29].

**I.    BACKGROUND**

On January 18, 2023, Plaintiff filed this lawsuit in the San Diego Superior Court. The Complaint alleges Plaintiff is owed unpaid commissions and alleges Plaintiff was terminated in retaliation for complaining about the unpaid commissions. On February 24, 2023, Defendant filed an answer. On February 27, 2023, Defendant removed the case to this Court based on diversity jurisdiction.

1

On July 6, 2023, the Magistrate Judge issued the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order" [Doc. 11].) The order required all fact discovery to be completed by October 30, 2023, expert discovery completed by February 29, 2024, and all pre-trial motions, including motions for summary judgement, filed by March 29, 2024. (*Id.* at ¶¶ 2, 6, 8.)

According to "Defendant, the parties completed written discovery and attempted to schedule depositions to be completed by the October 30, 2023 deadline. However, Plaintiff's former counsel at the Gruenberg Firm had major surgery (and corresponding recovery time) in September 2023 which prevented depositions from being completed by that deadline." (*P&A* [Doc. 29-1] 3:5–8.) Accordingly, on October 20, 2023, the parties filed a joint motion to amend the Scheduling Order by continuing the discovery deadline to allow additional time to take Plaintiff's deposition, and the depositions of three individuals employed by Defendant. (*See 10/20/23 Joint Motion* [Doc. 14]; *King Decl.* [Doc. 29-2] ¶ 2.) On October 24, 2023, the Magistrate Judge granted the joint motion and extended the deadline to December 29, 2023. (*See 10/24/23 Minute Order* [Doc. 15].)

After the discovery deadline was extended, the parties met and conferred regarding mutually agreeable deposition dates. (*King Decl.* ¶ 3.) Plaintiff then noticed the remote depositions of Defendant's employees Corey Greth for December 4, 2023 and Casey Headley for December 7, 2023. (*Id.*) Defendant noticed the in-person deposition of Plaintiff for December 14, 2023. (*Id.*)

On December 4, 2023, Defendant's attorney, Cory J. King, emailed Plaintiff's counsel to request the remote-access link to participate in Greth's deposition. (*King Decl.* ¶ 4.) Less than 4 hours before it was scheduled to begin, Plaintiff's counsel cancelled the deposition. (*Id.*) No reason was given for the last-minute cancellation, and the deposition was never re-noticed. (*Id.*) The next day, Plaintiff's counsel cancelled Hedley's deposition, again without providing a reason. (*Id.* ¶ 5.)

On December 12, 2023, one week after cancelling the depositions of Defendant's employees, the Gruenberg Firm filed an ex parte application to withdraw as Plaintiff's

2

counsel claiming an "irreconcilable breakdown of the attorney-client relationship." (*See Ex Parte App.* [Doc. 19] 4:16–18; *Gruenberg Decl.* [Doc. 19-1] ¶ 3.) The declaration filed in support of the withdrawal stated that the firm had taken reasonable steps to prevent any potential prejudice to Plaintiff, but provided no indication what was done to ensure Plaintiff was not prejudiced. (*See Gruenberg Decl.* ¶ 4.) The declaration also failed to indicate whether Plaintiff agreed to the withdrawal and whether counsel had informed his client about the Chamber's Rule requiring any opposition to be filed within three days. (*See id.*) The application also failed to indicate, much less justify, why the request was being made on an expedited basis. (*Order Setting Briefing Schedule* [Doc. 20] 2:3–6.) In light of the deficiencies with the Gruenberg Firm's application, on December 20, 2023, this Court set a briefing schedule setting January 12, 2024 as the deadline for Plaintiff to file an opposition and January 19, 2024 as the deadline for the firm's reply. (*Id.* 2:17–19.)

Meanwhile, on December 22, 2023, the parties filed a second joint motion to extend the deadline for completing discovery. (*See 12/22/23 Jt. Motion* [Doc. 21] ¶ 11.) The Magistrate Judge granted an extension until February 12, 2024 to complete the depositions of four witnesses identified in the joint motion. (*12/27/23 Order* [Doc. 22] 2:11–13; *see 2/7/24 Jt. Motion* [Doc. 24] ¶ 10.)

As of February 7, Plaintiff's counsel's application to withdraw had not been resolved. Accordingly, on that date, the parties filed a third joint motion to extend the deadline for completing discovery to a date thirty days after resolution of the application. (*2/7/24 Jt. Motion* [Doc. 24] 4:27–5:2.) On February 8, the Magistrate Judge granted the request and extended the deadline for completing the four "depositions identified in the parties' prior motion" to "a date 30 days beyond the date of the disposition of the pending motion to withdraw." (*See Order Granting Third Jt. Motion* [Doc. 25] at 2:14–18.) The same day, this Court granted the Gruenberg Firm's application to withdraw. (*See Withdrawal Order* [Doc. 26].)

3

23-cv-375 W (DTF)

"Immediately" after receiving the Magistrate Judge's order granting the extension, Defense counsel re-noticed Plaintiff's deposition for February 22, 2024. (*King Decl.* ¶ 15.) Defense counsel then emailed Plaintiff and requested confirmation that he would appear for his deposition. (*Id.* ¶ 17.)

On February 20, Plaintiff emailed Defense counsel that "[y]ou will be hearing from my new attorney shortly." (*King Decl.* ¶ 18, Ex. A.) Defense counsel then received a telephone call from an attorney, David Arreguin, indicating he had been retained by Plaintiff and insisting the deposition be rescheduled to allow him to "get up to speed" on the case. (*Id.* ¶19.) Defense counsel refused until Plaintiff provided alternative dates before the discovery deadline. (*Id.* ¶ 20.)

The next day, Attorney Arreguin telephoned Defense counsel and indicated "again that Plaintiff would not appear for the noticed deposition on February 22, 2024." (*King Decl.* ¶ 23.) Because he did not provide alternative dates, Defense counsel did not agree to postpone the deposition. (*Id*.) After Attorney Arreguin stated that by Friday, February 23, he would file an appearance and prepare a joint motion to continue the discovery deadline, Defense counsel agreed to a brief continuance. (*Id.* ¶ 24.) Defense counsel then served a Fourth Amended Notice of deposition for March 6, 2024. (*Id.* ¶ 25.) Attorney Arreguin did not file an appearance or prepare a draft joint motion by February 23.

On Monday, February 26, Defense counsel sent a follow-up email to Attorney Arreguin. (*King Dec.* ¶ 26, *Ex. C.*) Attorney Arreguin did not respond until the evening before Plaintiff's scheduled deposition, when he emailed Defense counsel and requested another continuance. (*Id.* ¶ 27.) According to Defense counsel, Attorney Arreguin's email also confirmed "he had not actually been retained by Plaintiff Sexton until hours before the email…." (*Id.*)

The next morning, Defense counsel replied to Attorney Arreguin and refused to continue Plaintiff's deposition because of the looming discovery deadline. (*King Decl.* ¶ 28, *Ex. D*.) Plaintiff failed to show up for his deposition. (*Id.* ¶ 30)

4

Approximately three hours later, Attorney Arreguin filed a Notice of Appearance and then emailed to Defense counsel a proposed joint motion to continue the discovery deadline. (*King Decl.* ¶ 31; *Notice of Appearance* [Doc. 27].) Defense counsel rejected the proposed motion as drafted. (*Id.* ¶ 32.) On March 20, Defense counsel filed the pending motion to dismiss for failure to prosecute.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes the dismissal of an action where the plaintiff fails to prosecute or comply with the federal rules or court orders. Before dismissing a case for failure to prosecute, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F. 2d 1421, 1423 (9th Cir. 1986). Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Id.*

Here, Defendant raises the same argument with respect to each of the five factors. Defendant contends that the breakdown of Plaintiff's relationship with his former counsel, the Gruenberg Firm, and/or his "refusal" to submit to a deposition establish an "unwillingness to cooperate in litigation [that] has resulted in a complete lack of progress since October 2023…." (*P&A* at 14:4–14, 15:3–16, 16:1–9, 16:24–17:21.) For the following reasons, the Court is not persuaded by Defendant's argument.

With respect to the breakdown in Plaintiff's relationship with the Gruenberg Firm, Defendant has failed to point to any evidence indicating it was the result of Plaintiff's lack of cooperation with his attorney. While the Gruenberg Firm asserted that Plaintiff failed to cooperate with counsel and follow counsel's advice on material matters, the statement was entirely conclusory. (*See Gruenberg Decl.* [Doc. 19-1] ¶ 2.) Not only was the Gruenberg Firm's statement conclusory, but as explained further below, it is at odds

23-cv-375 W (DTF)

with the joint motions to amend the scheduling orders.  Additionally, Plaintiffs contends the breakdown in the attorney-client relationship was due to the Gruenberg Firm's failure to communicate in relation to the June 30, 2023 mediation, and failure to communicate and prepare for the looming depositions. (*Sexton Decl.* [Doc. 30-2] ¶¶ 3–5.)

Defendant's argument and the Gruenberg Firm's assertion that Plaintiff was uncooperative and responsible for the delays beginning in October 2023 is also at odds with the court records. According to the parties' first joint motion to continue the discovery deadline, the initial delay in the litigation was necessary because "lead counsel for Plaintiff, Josh D. Gruenberg, underwent an invasive surgery" that required "several weeks of recovery and rehabilitation…" (*10/20/23 Jt. Motion* ¶ 2.) In addition to attorney Gruenberg's recovery from surgery, the motion stated that "both Plaintiff's counsel and Defendant's counsel are in trial starting October 16 through the remainder of the month, with other trials set to take place in early November." (*Id.* ¶ 4.) Thus, the initial continuance of the discovery deadline to December 29, 2023 was due to scheduling issues with the Gruenberg Firm and Defense counsel, not Plaintiff. (*Id.* ¶ 5.)

The parties' joint motion also contradicts Defendant's argument because it confirms that before attorney Gruenberg's surgery, Plaintiff cooperated in the prosecution of this case. The joint motion filed on October 20, 2023 states that Defendant and Plaintiff had "produced voluminous documents," served and responded to written discovery and had been "work[ing] diligently to identify mutually agreeable dates" to depose the witnesses. (*10/20/23 Jt. Motion* ¶¶ 2, 3.) Furthermore, Defendant's current motion to dismiss concedes that after the Magistrate Judge granted the continuance, the parties continued to cooperate and set the depositions of two of Defendant's former employees and Plaintiff. (*King Decl.* ¶ 3.) And in the joint motions filed on December 22, 2023 and February 7, 2024, Plaintiff and Defendant continued to represent that the parties had been diligent in litigating the case. (*See 12/22/23 Jt. Motion* ¶ 12; *2/7/24 Jt. Motion* ¶ 14.) Thus, Defendant's claim that Plaintiff's failure to cooperate with counsel caused a complete lack of progress since October 2023 lacks merit.

6

Nor is Defendant's contention that dismissal is warranted by Plaintiff's alleged refusal to be deposed persuasive. The evidence indicates that, at most, the period during which Plaintiff resisted scheduling his deposition was short, lasting the one-month period between the granting of the Gruenberg Firm's application to withdraw and Attorney Arreguin's Notice of Appearance. As stated above, the first joint motion to continue the discovery deadline stated that the parties were "work[ing] diligently to identify mutually agreeable dates" for the depositions. (*10/20/23 Jt. Motion* ¶¶ 2, 3.) The third joint motion filed in February 2024 stated that "Gruenberg Law is unable to represent plaintiff at his deposition, which effectively prevents Defendant from taking the deposition of Plaintiff unless/until the Court acts on the Application and/or Plaintiff serves notice of new counsel of record." (*2/7/23 Jt. Motion* ¶ 12.) In short, the joint motions contradict Defendant's assertion that Plaintiff has been refusing to be deposed since October 2023. (*See P&A* at 14:13–14.)

Finally, Defendant's argument that statements in the Magistrate Judge's scheduling orders reminding the parties about their discovery obligations satisfies the consideration of a less-drastic alternative lacks merit. Indeed, as discussed above, the parties' joint motions seeking a continuance on the discovery deadline were premised on the parties' cooperation and diligence in prosecuting this case, and not on any claim that Plaintiff was being uncooperative and thus should be sanctioned. Because there has been no consideration of a less drastic alternative, this factor does not favor dismissal.

In summary, the records in this case establish that the initial delay in this case was caused by attorney Gruenberg's "major surgery" and his and Defense Counsel's busy litigation calendar in October and November of 2023. The case was further delayed from early December through February 8 as a result of the breakdown in Plaintiff's and the Gruenberg Firm's attorney-client relationship. As explained above, the records before the Court do not support a finding that the breakdown in the relationship was the result of Plaintiff's failure to cooperate in the litigation or to be deposed. Moreover, Defendant has not cited any case remotely suggesting that dismissal for failure to prosecute under these

circumstances is appropriate. Accordingly, the Court finds the five factors considered in evaluating a motion to dismiss for failure to prosecute do not favor dismissal.

Nevertheless, the Court also finds Plaintiff has caused a one-month delay following the withdrawal of the Gruenberg Firm from the case and that Plaintiff's failure to communicate with Defense counsel during that period led to the Defendant incurring costs related to Plaintiff's unattended deposition. Accordingly, Defendant is entitled to recover costs related to the deposition from Plaintiff.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's motion to dismiss for failure to prosecute [Doc. 29] and **ORDERS** as follows:

- Plaintiff shall reimburse Defendant for the reasonable costs related to the deposition that Plaintiff failed to attend. Any dispute regarding the reasonableness of the costs shall be handled by the Magistrate Judge.
- The Magistrate Judge shall reset all deadlines pending at the time the Gruenberg Firm filed the application to withdraw [Doc. 19]. The discovery deadline shall be continued only to allow for the completion of the depositions of the four witnesses identified in the February 8, 2024 Order Granting In Part Third Joint Motion To Amend [Doc. 25].

Plaintiff is further warned that any further delays caused by his failure to cooperate in the prosecution of this case may result in the dismissal for failure to prosecute.

**IT IS SO ORDERED**.

Dated:  July 18, 2024

_____
Hon. Thomas J. Whelan
United States District Judge