UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SEXTON,<br><br>                        Plaintiff,<br><br>v.<br><br>MITRATECH, INC.,<br><br>                        Defendant. | Case No.: 23-cv-00375-W-JLB<br><br>**ORDER RE: MANDATORY SETTLEMENT CONFERENCE** |

On July 19, 2024, a Mandatory Settlement Conference ("MSC") was scheduled in this matter for April 2, 2025, at 9:30 AM before the Honorable D. Thomas Ferraro. (ECF No. 39.) On January 14, 2025, this case was transferred to the calendar of the Honorable Jill L. Burkhardt. (ECF No. 61.) Accordingly, **IT IS HEREBY ORDERED**:

    1.    The MSC remains set for April 2, 2025, but will begin at **9:00 AM**.

    2.    The MSC shall be held by video conference. **Mandatory directions for participating in the MSC by video conference are attached hereto.**

    3.    The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case. All MSC discussions will be off the record,

privileged, and confidential.  See CivLR 16.3.h.

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC.  In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

4. No later than **14 days before the MSC**, the parties shall exchange formal settlement proposals.  See J. Burkhardt Civil Chambers Rules § III.A.  No later than **10 days before the MSC**, the parties shall meet and confer in person or telephonically.

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

*See* J. Burkhardt Civil Chambers Rules § III.B.

5. No later than **March 26, 2025**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov.  The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

**IT IS SO ORDERED.**

Dated:  March 14, 2025

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge

**Mandatory Directions for Zoom Video Conference Participation**

1. The Court will use its official ZoomGov video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[3] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

3. Each participant should plan to join the Zoom video conference **at least 5 minutes** **before** the start of the MSC to ensure that the MSC begins on time.

4. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with

---

[2]   If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[3]   For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5. As previously stated, MSCs are confidential court proceedings. All attendees must participate from a private and stable location where no individual who is not a party, a party representative, or an attorney for a party can overhear the proceedings. All attendees must be prepared to devote their full attention to the MSC as if they were attending in person. This means that attendees must clear their schedules of all conflicts for the entire period of the MSC.[5] Attendees may not participate from a moving car or a public space.

6. All participants are expected to display the same level of professionalism and civility as they would at an in-person court proceeding. *See* CivLR 2.1; J. Burkhardt's Civ. Chambers R. § I.

---

[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[5] MSCs are ordinarily scheduled for three hours but may last considerably longer.